NO FEE DUE
GOV'T CODE § 6103

**LAW OFFICE OF ROBERT D. CONAWAY**
ROBERT D. CONAWAY, SB# 119657
  E-Mail: rdconaway@gmail.com
Post Office Box 2655
Apple Valley, California 92307
Telephone: 760.503.9010

Attorney for Plaintiff, JOEL M. MAYA

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
MATTHEW P. HARRISON, SB# 222073
  E-Mail: Matthew.Harrison@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
ELIOT A. BENNION, SB# 293362
  E-Mail: Eliot.Bennion@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO, DEPUTY
SHERIFF FRANCESCO ANCONA &
DEPUTY SHERIFF ERICSON
DOMINICK, and SGT. LARRY LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JOEL M. MAYA, individually, and as a proposed class representative,<br><br>        Plaintiff,<br><br>        vs.<br><br>COUNTY OF SAN BERNARDINO, DEPUTY SHERIFF FRANCESCO ANCONA & DEPUTY SHERIFF ERICSON DOMINICK, SGT. LARRY LOPEZ, DOES 1 through 20,<br><br>        Defendants. | CASE NO. 5:19-cv-01871-JGB-KKx<br><br>[The Hon. Jesus G. Bernal]<br><br>**STIPULATED PROTECTIVE ORDER RE: MEDICAL AND PSYCHOLOGICAL TREATMENT**<br><br>Action Filed:   September 30, 2019<br>Trial Date:    October 4, 2022 |

/ / /

4882-2883-5361.2

[PROPOSED] STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This protective order specifically pertains to records related to plaintiff Joel M. Maya's medical and psychological treatment, which may implicate the privacy rights of plaintiff. Additionally, the parties anticipate depositions being taken of plaintiff Joel M. Maya's medical and psychological treaters. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

should not be part of the public record in this case.

3.    **DEFINITIONS**

3.1    <u>Action</u>: this pending lawsuit filed by JOEL M. MAYA, individually, and as a proposed class representative; against the COUNTY OF SAN BERNARDINO, and Does 1 through 10, USDC Case no. 5:19-cv-01871-JGB-KK.

3.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8    <u>House Counsel</u>:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-2883-5361.2

3

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    3.10  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a
2  Party to this Action but are retained to represent or advise a Party to this Action and
3  have appeared in this Action on behalf of that Party or are affiliated with a law firm
4  which has appeared on behalf of that Party.

5    3.11  <u>Party</u>:  any party to this Action, including all of its officers, directors,
6  employees, consultants, retained experts, and Outside Counsel of Record (and their
7  support staffs).

8    3.12  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or
9  Discovery Material in this Action.

10    3.13  <u>Professional Vendors</u>:  persons or entities that provide litigation
11  support services (e.g., photocopying, videotaping, translating, preparing exhibits or
12  demonstrations, and organizing, storing, or retrieving data in any form or medium)
13  and their employees and subcontractors.

14    3.14  <u>Protected Material</u>:  any Disclosure or Discovery Material that is
15  designated as "CONFIDENTIAL."

16    3.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery
17  Material from a Producing Party.

18  **4.    SCOPE**

19    The protections conferred by this Stipulation and Order cover not only
20  Protected Material (as defined above), but also (1) any information copied or
21  extracted from Protected Material; (2) all copies, excerpts, summaries, or
22  compilations of Protected Material; (3) any testimony, conversations, or
23  presentations by Parties or their Counsel that might reveal Protected Material; and
24  (4) any documents already produced where a privacy objection had been asserted.

25    Any use of Protected Material at trial shall be governed by the orders of the
26  trial judge. This Order does not govern the use of Protected Material at trial.

27  **5.    DURATION**

28    Even after final disposition of this litigation, the confidentiality obligations

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   imposed by this Order shall remain in effect until a Designating Party agrees

2   otherwise in writing or a court order otherwise directs. Final disposition shall be

3   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

4   or without prejudice; and (2) final judgment herein after the completion and

5   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

6   including the time limits for filing any motions or applications for extension of time

7   pursuant to applicable law.

8   **6.    DESIGNATING PROTECTED MATERIAL**

9         6.1    Exercise of Restraint and Care in Designating Material for Protection.

10  Each Party or Non-Party that designates information or items for protection under

11  this Order must take reasonable care to limit any such designation to specific

12  material that qualifies under the appropriate standards. The Designating Party must

13  designate for protection only those parts of material, documents, items, or oral or

14  written communications that qualify so that other portions of the material,

15  documents, items, or communications for which protection is not warranted are not

16  swept unjustifiably within the ambit of this Order.

17        Mass, indiscriminate, or routinized designations are prohibited. Designations

18  that are shown to be clearly unjustified or that have been made for an improper

19  purpose (e.g., to unnecessarily encumber the case development process or to impose

20  unnecessary expenses and burdens on other Parties) may expose the Designating

21  Party to sanctions.

22        If it comes to a Designating Party's attention that information or items that it

23  designated for protection do not qualify for protection, that Designating party must

24  promptly notify all other Parties that it is withdrawing the inapplicable designation.

25        6.2    Manner and Timing of Designations.  Except as otherwise provided in

26  this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise

27  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

28  under this Order must be clearly so designated before the material is disclosed or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  produced.

2      Designation in conformity with this Order requires:

3      (a)   for information in documentary form (e.g., paper or electronic

4  documents, but excluding transcripts of depositions or other pretrial or trial

5  proceedings), that the Producing Party affix, at a minimum, the legend

6  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that

7  contains protected material. If only a portion or portions of the material on a page

8  qualifies for protection, the Producing Party also must clearly identify the protected

9  portion(s) (e.g., by making appropriate markings in the margins).

10     A Party or Non-Party that makes original documents or materials available for

11 inspection need not designate them for protection until after the inspecting Party has

12 indicated which documents or materials it would like copied and produced. During

13 the inspection and before the designation, all of the material made available for

14 inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

15 identified the documents or materials it wants copied and produced, the Producing

16 Party must determine which documents, or portions thereof, qualify for protection

17 under this Order. Then, before producing the specified documents, the Producing

18 Party must affix the "CONFIDENTIAL legend" to each page that contains Protected

19 Material. If only a portion or portions of the material on a page qualifies for

20 protection, the Producing party also must clearly identify the protected portion(s)

21 (e.g., by making appropriate markings in the margins).

22     (b)   for testimony given in depositions or in other pretrial

23 proceedings, that the Designating Party identify the Disclosure or Discovery

24 Material on the record, before the close of the deposition, hearing, or other

25 proceeding.

26     (c)   for information produced in some form other than documentary

27 and for any other tangible items, that the Producing Party affix in a prominent place

28 on the exterior of the container or containers in which the information or item is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-2883-5361.2

6

[PROPOSED] STIPULATED PROTECTIVE ORDER

1 stored the "CONFIDENTIAL legend." If only a portion or portions of the
2 information warrants protection, the Producing Party, to the extent practicable, shall
3 identify the protected portion(s).

4       6.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
5 failure to designate qualified information or items does not, standing alone, waive
6 the Designating Party's right to secure protection under this Order for such material.
7 Upon timely correction of a designation, the Receiving Party must make reasonable
8 efforts to assure that the material is treated in accordance with the provisions of this
9 Order.

10       6.4   <u>Parties' Designation of Materials Produced by Non-Parties</u>. Materials
11 containing Plaintiff's private medical or psychological information produced by
12 non-parties pursuant to subpoena shall be considered protected under this order for a
13 period of 30 days from the date of production. During that time, any Party may
14 designate said materials pursuant to the procedure described in Section 6.2. The
15 Parties further agree that materials produced by Richard George Myatt, LMFT, and
16 Jonathan I. Smith, M.D., as well as records from each already produced through
17 discovery responses after privacy objections were asserted, will be deemed
18 confidential at the time of production.

19 **7.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

20       7.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
21 designation of confidentiality at any time that is consistent with the Court's
22 Scheduling Order and any amendments thereto.

23       7.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
24 resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly
25 comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

26       7.3   <u>Burden</u>. The burden of persuasion in any such challenge proceeding
27 shall be on the Designating Party. Frivolous challenges, and those made for an
28 improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-2883-5361.2

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.      ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2      <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    (d)    the Court and its personnel;

2    (e)    court reporters and their staff;

3    (f)    professional jury or trial consultants, mock jurors, and

4  Professional Vendors to whom disclosure is reasonably necessary for this Action

5  and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit

6  A);

7    (g)    the author or recipient of a document containing the information

8  or a custodian or other person who otherwise possessed or knew the information;

9    (h)    during their depositions, witnesses and attorneys for witnesses in

10 the Action to whom disclosure is reasonably necessary provided: (1) the deposing

11 party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

12 they will not be permitted to keep any confidential information unless they sign the

13 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

14 agreed by the Designating Party or ordered by the Court. Pages of transcribed

15 deposition testimony or exhibits to depositions that reveal Protected Material must

16 be separately bound by the court reporter and may not be disclosed to anyone except

17 as permitted under this Stipulated Protective Order; and

18    (i)    any mediator or settlement officer, and their supporting personnel,

19 mutually agreed upon by any of the Parties engaged in settlement discussions.

20 **9.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED**

21 **PRODUCED IN OTHER LITIGATION**

22    If a Party is served with a subpoena or a court order issued in other litigation

23 that compels disclosure of any information or items designated in this Action as

24 "CONFIDENTIAL," that Party must:

25    (a)    promptly notify in writing the Designating Party. Such notification

26 shall include a copy of the subpoena or court order;

27    (b)    promptly notify in writing the party who caused the subpoena or order

28 to issue in the other litigation that some or all of the material covered by the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  subpoena or order is subject to this Protective Order. Such notification shall include

2  a copy of this Stipulated Protective Order; and

3      (c)    cooperate with respect to all reasonable procedures sought to be

4  pursued by the Designating Party whose Protected Material may be affected.

5      If the Designating Party timely seeks a protective order, the Party served with

6  the subpoena or court order shall not produce any information designated in this

7  action as "CONFIDENTIAL" before a determination by the court from which the

8  subpoena or order issued, unless the Party has obtained the Designating Party's

9  permission. The Designating Party shall bear the burden and expense of seeking

10  protection in that court of its confidential material, and nothing in these provisions

11  should be construed as authorizing or encouraging a Receiving Party in this Action

12  to disobey a lawful directive from another court.

13  **10.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>**

14  **<u>PRODUCED IN THIS LITIGATION</u>**

15      (a)    The terms of this Order are applicable to information produced by a

16  Non-Party in this action and designated as "CONFIDENTIAL." Such information

17  produced by Non-Parties in connection with this litigation is protected by the

18  remedies and relief provided by this Order. Nothing in these provisions should be

19  construed as prohibiting a Non-Party from seeking additional protections.

20      (b)    In the event that a Party is required, by a valid discovery request, to

21  produce a Non-Party's confidential information in its possession, and the Party is

22  subject to an agreement with the Non-Party not to produce the Non-Party's

23  confidential information, then the Party shall:

24      (1)    promptly notify in writing the Requesting Party and the Non-

25  Party that some or all of the information requested is subject to a confidentiality

26  agreement with a Non-Party;

27      (2)    promptly provide the Non-Party with a copy of the Stipulated

28  Protective Order in this Action, the relevant discovery request(s), and a reasonably

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-2883-5361.2

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    specific description of the information requested; and

2            (3)    make the information requested available for inspection by the

3    Non-Party, if requested.

4            (c)    If the Non-Party fails to seek a protective order from this Court within

5    14 days of receiving the notice and accompanying information, the Receiving Party

6    may produce the Non-Party's confidential information responsive to the discovery

7    request. If the Non-Party timely seeks a protective order, the Receiving Party shall

8    not produce any information in its possession or control that is subject to the

9    confidentiality agreement with the Non-Party before a determination by the Court.

10    Absent a court order to the contrary, the Non-Party shall bear the burden and

11    expense of seeking protection in this Court of its Protected Material.

12    **11.**    <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

13            If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14    Protected Material to any person or in any circumstance not authorized under this

15    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

16    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

17    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

18    persons to whom unauthorized disclosures were made of all the terms of this Order,

19    and (d) request such person or persons to execute the "Acknowledgment and

20    Agreement to Be Bound" that is attached hereto as Exhibit A.

21    **12.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**</u>

22    <u>**PROTECTED MATERIAL**</u>

23            When a Producing Party gives notice to Receiving Parties that certain

24    inadvertently produced material is subject to a claim of privilege or other protection,

25    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

26    Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

27    may be established in an e-discovery order that provides for production without

28    prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**13.   MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.   FINAL DISPOSITION**

After the final disposition of this action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  appropriate) all the Protected Material that was returned or destroyed and (2) affirms
2  that the Receiving Party has not retained any copies, abstracts, compilations,
3  summaries or any other format reproducing or capturing any of the Protected
4  Material. Notwithstanding this provision, Counsel are entitled to retain an archival
5  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
6  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
7  work product, and consultant and expert work product, even if such materials
8  contain Protected Material. Any such archival copies that contain or constitute
9  Protected Material remain subject to this Protective Order as set forth in Section 4
10 (DURATION).

11 **15.    <u>VIOLATIONS OF THIS ORDER</u>**

12        Any violation of this Order may be punished by any and all appropriate
13 measures including, without limitation, contempt proceedings and/or monetary
14 sanctions.

15

16

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: June 3, 2022

4

5

6                              By:  _____/s/ Robert D. Conaway_____

7                                   Robert D. Conaway
                                    Attorneys for Plaintiff Joel M. Maya

8  DATED: June 3, 2022

9

10

11                             By:  _____/s/ Eliot A. Bennion_____

12                                  Eliot A. Bennion

13                                  Attorneys for Defendants, COUNTY OF
                                    SAN BERNARDINO, DEPUTY SHERIFF

14                                  FRANCESCO ANCONA & DEPUTY

15                                  SHERIFF ERICSON DOMINICK, and
                                    SGT. LARRY LOPEZ

16

17

18  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

19

20  DATED:  June _6_, 2022

21

22                                  _____

23                                  Kenly Kiya Kato
                                    United States Magistrate Judge

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-2883-5361.2                         14

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Joel M. Maya, et al., v. County of San Bernardino, et al., USDC Case no. 5:19-cv-01871-JGB-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW